## ROTHSTEIN (a minor) v KELLOGG

Ohio Appeals, 9th Dist, Lorain Co

No 849. Decided February 9, 1938

D. W. Myers, Elyria and L. H. Webber, Elyria, for appellee.

Stetson & Butler, Elyria, for appellant.

## OPINION

**PER CURIAM:**

This action sought to recover damages for personal injuries sustained by plaintiff, a minor, the appellee here, while riding as a passenger in an automobile owned by plaintiff and driven by plaintiff's father, which automobile came into collision with that owned and driven by defendant, the appellant here.

The collision occurred in midmorning, August 29, 1933, at the intersection of state route 18 (an easterly and westerly road) with the Spencer-LaGrange road (running in a general northerly and southerly direction). The intersection of said roads is in the unincorporated village of Penfield, in Lorain county, Ohio.

It is claimed by plaintiff that the Ford car driven by his father, proceeding in a northerly direction, came to a stop about one foot south of the paved portion of route 18; that while said car was standing in said position, defendant's automobile approached from the east at a high rate of speed, going in a westerly direction upon route 18, and that, shortly before reaching said intersection, defendant attempted to pass another car going in the same direction as he was going, with the result that the left front portion of defendant's car came into contact with and hooked the right front portion of the car in which plaintiff was riding, dragging the latter diagonally across said intersection, where it upset.

The defendant claims that as he was proceeding westerly along route 18, at a lawful rate of speed, the car in which plaintiff was riding came into said intersection, without first stopping, and ran into the side of defendant's car—the collision being claimed to have occurred at the northwesterly corner of the intersection of said two highways.

The evidence of the parties supported their respective claims.

Trial to a jury resulted in a verdict and judgment in favor of plaintiff for $7500. Appeal on questions of law seeks in this Court a reversal of that judgment.

Numerous assignments of error are urged, which may be grouped as follows:

1. That the verdict and judgment are manifestly against the weight of the evidence.

2. Error in giving and refusing to give special requests to charge before argument.

3. Error in the general charge.

4. Misconduct of counsel.

5. Error in the trial Court's vacating its order granting a new trial and then overruling the motion for a new trial and entering judgment in favor of plaintiff.

It is contended by appellant in support of his first assignment of error that the physical facts attendant upon this collision were such as to make plaintiff's version of

the occurrence virtually impossible of acceptance. This is claimed because the debris from the collision was largely found in the northwest corner of the intersection, and also because of the position of the automobiles after the collision.

An examination of all of the evidence, however, shows a marked conflict as to the manner and place of collision, and leaves the members of this court in disagreement as to the manner in which, and the place where, the collision took place. Such a situation precludes a unanimous conclusion that the verdict and judgment are manifestly against the weight of the evidence.

We are of the opinion that the evidence contained in this record warranted the trial Court in giving plaintiff's three special requests to charge.

As to defendant's special request No. 4, it is our conclusion that, under the pleadings and the evidence in this case, that request did not contain a proper statement of law, by reason of the omission of the word "sole" at the beginning of the fifth line thereof. The trial Court properly refused the request.

It is next urged that the Court erred in its general charge, when it stated:

"The plaintiff was a gratuitous passenger in his father's car. Under the law, such passenger is not responsible for and cannot be charged with the negligence of the driver of the machine in which he is riding."

The evidence in this case warranted the conclusion that appellee was a gratuitous passenger in the car driven by his father. The fact that the Court said, "in his father's car" doubtless was not meant to indicate ownership thereof in the father; and when considered in connection with the remainder of the charge, we are inclined to the belief that the jury was not misled thereby.

It is the settled law of Ohio that, to warrant the imputation of negligence to a passenger in an automobile, it must appear either that a relationship of principal and agent existed between the passenger and the driver, or that the parties were engaged in a joint enterprise. The right of control must be reserved to the passenger, to make the negligence of the driver that of the passenger. There is no credible evidence in this record warranting the conclusion that this appellee retained any right of control over the automobile in which he was riding, and was therefore amenable to the doctrine of imputed negligence.

We find no error in the general charge prejudicial to the rights of the appellant.

As to the claims of misconduct of counsel and error in the trial Court's disposition of the motion for a new trial, we perceive nothing therein prejudicial to the substantial rights of the appellant.

Judgment affirmed.

STEVENS, PJ, WASHBURN and DOYLE, JJ, concur.